UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Wilson Barrera and Abner Joram Orrego, individually
and on behalf of all other employees similarly situated,

      Plaintiffs-Counterclaim Defendants,      Case No. 19-cv-2747
                                                                              (PKC)(CLP)

-against-

F F and A Restaurant Corp. d/b/a Pollos A La Brasa      **AMENDED ANSWER TO THE**
Marion, Luis Figueroa, Rosalba Arevalo, and Robert      **AMENDED COMPLAINT**
Cordova,      **WITH COUNTERCLAIMS**

      Defendants-Counterclaim Plaintiffs.
-----------------------------------------------------------------X

      Defendants F F and A Restaurant Corp., Luis Figueroa, Rosalba Arevalo, and Robert Cordova ("Defendants"), by and through their undersigned counsel, answer Plaintiffs' Amended Complaint as follows:

## INTRODUCTION

With respect to Paragraph 1:    Defendants admit that Plaintiffs assert these claims but deny that there is a factual or legal basis for bringing them.

With respect to Paragraph 2:    Deny all or part of the claims made in this paragraph.

With respect to Paragraph 3:    Deny all or part of the claims made in this paragraph.

With respect to Paragraph 4:    Deny all or part of the claims made in this paragraph.

## JURISDICTION AND VENUE

With respect to Paragraph 5:    Legal conclusion which does not require response.

With respect to Paragraph 6:    Legal conclusion which does not require response.

## PLAINTIFFS

With respect to Paragraph 7:    Defendants admit that Plaintiff Barrera was employed at some poing but deny the remaining allegations and/or lack knowledge sufficient to admit or deny.

With respect to Paragraph 8:    Defendants admit that Plaintiff Orrego was employed at some poing but deny the remaining allegations and/or lack knowledge sufficient to admit or deny.

1

## CORPORATE DEFENDANT

| | |
|---|---|
| With respect to Paragraph 9: | Admit. |
| With respect to Paragraph 10: | Admit. |
| With respect to Paragraph 11: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 12: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 13: | Admit. |

## INDIVIDUAL DEFENDANTS

*Defendant Luis Figueroa*

| | |
|---|---|
| With respect to Paragraph 14: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 15: | Deny all or part of the claims made in this paragraph. |

*Defendant Rosalba Arevalo*

| | |
|---|---|
| With respect to Paragraph 16: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 17: | Deny all or part of the claims made in this paragraph. |

*Defendant Robert Cordova*

| | |
|---|---|
| With respect to Paragraph 18: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 19: | Deny all or part of the claims made in this paragraph. |

## STATEMENT OF FACTS

| | |
|---|---|
| With respect to Paragraph 20: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 21: | Deny all or part of the claims made in this paragraph. |

*Plaintiff Wilson Barrera:*

| | |
|---|---|
| With respect to Paragraph 22: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 23: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 24: | Admit that he was paid in cash but deny that this was his sole payment. |

2

With respect to Paragraph 25: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 26: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 27: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 28: Admit.

With respect to Paragraph 29: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 30: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 31: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 32: Deny all or part of the claims made in this paragraph.

*Plaintiff Abner Joram Orrego*

With respect to Paragraph 33: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 34: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 35: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 36: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 37: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 38: Admit.

With respect to Paragraph 39: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 40: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 41: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 42: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 43: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 44: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 45: Deny all or part of the claims made in this paragraph.

**COLLECTIVE ACTION ALLEGATIONS**

With respect to Paragraph 46: Deny all or part of the claims made in this paragraph.

With respect to Paragraph 47: Deny all or part of the claims made in this paragraph.

| | |
|---|---|
| With respect to Paragraph 48: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 49: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 50: | Legal conclusion which does not require response. |
| With respect to Paragraph 51: | Legal conclusion which does not require response. |
| With respect to Paragraph 52: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 53: | Legal conclusion which does not require response. |
| With respect to Paragraph 54: | Legal conclusion which does not require response. |
| With respect to Paragraph 55: | Legal conclusion which does not require response. |

a. Deny that this is a common question for people in the category described by Plaintiffs.
b. Deny that this is a common question for people in the category described by Plaintiffs.
c. Deny that this is a common question for people in the category described by Plaintiffs.
d. Deny that this is a common question for people in the category described by Plaintiffs.
e. Deny that this is a common question for people in the category described by Plaintiffs.
f. Deny that this is a common question for people in the category described by Plaintiffs.
g. Deny that this is a common question for people in the category described by Plaintiffs.
h. Deny that this is a common question for people in the category described by Plaintiffs.

| | |
|---|---|
| With respect to Paragraph 56: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 57: | Deny all or part of the claims made in this paragraph. |

## STATEMENT OF CLAIM

### COUNT I

| | |
|---|---|
| With respect to Paragraph 58: | Does not require response. |
| With respect to Paragraph 59: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 60: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 61: | Admit. |

| | |
|---|---|
| With respect to Paragraph 62: | Legal conclusion not requiring a response. |
| With respect to Paragraph 63: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 64: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 65: | Deny all or part of the claims made in this paragraph. |

## COUNT II

| | |
|---|---|
| With respect to Paragraph 66: | Does not require response. |
| With respect to Paragraph 67: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 68: | Legal conclusion not requiring a response. |
| With respect to Paragraph 69: | Deny all or part of the claims made in this paragraph. |

## COUNT III

| | |
|---|---|
| With respect to Paragraph 70: | Does not require response. |
| With respect to Paragraph 71: | Legal conclusion which does not require response |
| With respect to Paragraph 72: | Legal conclusion which does not require response. |
| With respect to Paragraph 73: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 74: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 75: | Legal conclusion which does not require response. |
| With respect to Paragraph 76: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 77: | Deny all or part of the claims made in this paragraph. |

## COUNT IV

| | |
|---|---|
| With respect to Paragraph 78: | Does not require response. |
| With respect to Paragraph 79: | Legal conclusion which does not require response |
| With respect to Paragraph 80: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 81: | Deny all or part of the claims made in this paragraph. |

## COUNT V

| | |
|---|---|
| With respect to Paragraph 82: | Does not require response. |

| | |
|---|---|
| With respect to Paragraph 83: | Legal conclusion which does not require response |
| With respect to Paragraph 84: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 85: | Deny all or part of the claims made in this paragraph. |

## COUNT VI

| | |
|---|---|
| With respect to Paragraph 86: | Does not require response. |
| With respect to Paragraph 87: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 88: | Deny all or part of the claims made in this paragraph. |

## COUNT VII

| | |
|---|---|
| With respect to Paragraph 89: | Does not require response. |
| With respect to Paragraph 90: | Legal conclusion which does not require response |
| With respect to Paragraph 91: | Deny all or part of the claims made in this paragraph. |
| With respect to Paragraph 92: | Deny all or part of the claims made in this paragraph. |

## PRAYER FOR RELIEF

a. Deny Plaintiffs' right to obtain such relief.

b. Deny Plaintiffs' right to obtain such relief.

c. Deny Plaintiffs' right to obtain such relief.

d. Deny Plaintiffs' right to obtain such relief.

e. Deny Plaintiffs' right to obtain such relief.

f. Deny Plaintiffs' right to obtain such relief.

g. Deny Plaintiffs' right to obtain such relief.

h. Deny Plaintiffs' right to obtain such relief.

i. Deny Plaintiffs' right to obtain such relief.

j. Deny Plaintiffs' right to obtain such relief.

k. Deny Plaintiffs' right to obtain such relief.

l. Deny Plaintiffs' right to obtain such relief.

    m. Deny Plaintiffs' right to obtain such relief.

    n. Deny Plaintiffs' right to obtain such relief.

    o. Deny Plaintiffs' right to obtain such relief.

    p. Deny Plaintiffs' right to obtain such relief.

    q. Deny Plaintiffs' right to obtain such relief.

## AFFIRMATIVE DEFENSES

### I.  As and for Defendants' First Affirmative Defense

Some of all of the claims asserted fail to state a claim upon which relief may be granted.

### II.  As and for Defendants' Second Affirmative Defense

Some or all of the claims are barred by the statute of limitations.

### III.  As and for Defendants' Third Affirmative Defense

Some or all of the claims are barred by the doctrines of waiver or estoppel.

### IV.  As and for Defendants' Fourth Affirmative Defense

There is no jurisdiction in this Court due to the Corporate Defendant not meeting some or all of the jurisdictional thresholds.

### V.  As and for Defendants' Fifth Affirmative Defense

Plaintiffs were paid well in excess of the minimum wage for all hours worked.

### VI.  As and for Defendants' Sixth Affirmative Defense

Plaintiffs were paid well in excess of the minimum wage plus overtime premium for all hours worked.

### VII.  As and for Defendants' Seventh Affirmative Defense

Any acts and/or omissions that may be found to violate any law were not willful and Defendants at all times acted in good faith.

### VIII.  As and for Defendants' Eighth Affirmative Defense

Plaintiffs have failed to join the necessary party of the prior corporation which employed Plaintiffs.

### IX. As and for Defendants' Ninth Affirmative Defense

Defendants have not been properly served.

### X. As and for Defendants' Tenth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of unclean hands.

### XI. As and for Defendants' Eleventh Affirmative Defense

Plaintiffs are, some or all, exempt from overtime

### XII. As and for Defendants' Twelfth Affirmative Defense

Plaintiffs were not entitled to any overtime as they had agreed and understood that they were being paid for all hours worked, including overtime, when they received payment.

### XIII. As and for Defendants' Thirteenth Affirmative Defense

The attorneys' fees and costs sought by Plaintiffs are not reasonable and should not be awarded.

### XIV. As and for Defendants' Fourteenth Affirmative Defense

Plaintiffs did not work the hours alleged to have worked.

### XV. As and for Defendants' Fifteenth Affirmative Defense

Plaintiffs have filed claims in bad faith and made frivolous allegations.

### XVI. As and for Defendants' Sixteenth Affirmative Defense

No claim for violation of NYLL § 195(1) exists.

### XVII. As and for Defendants' Seventeenth Affirmative Defense

Plaintiffs are not entitled to liquidated and/or punitive damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive and/or liquidated damages liability.

### XVIII. As and for Defendants' Eighteenth Affirmative Defense

Plaintiffs have failed to mitigate their alleged damages.

### XIX. As and for Defendants' Nineteenth Affirmative Defense

Collective action certification is not warranted as Plaintiffs are not similarly situated to any other individual employed by Defendant.

### XX. As and for Defendants' Twentieth Affirmative Defense

Defendants reserve the right to assert further affirmative defenses as they become evident through discovery or other investigation.

### XXI. As and for Defendants' Twenty-First Affirmative Defense

All actions taken by Defendants with regard to Plaintiffs were for legitimate business reasons.

### XXII. As and for Defendants' Twenty-Second Affirmative Defense

Individual Defendant Robert Cordova was not at any time an Owner of the corporate Defendant and is not a proper Defendant in this action.

### XXIII. As and for Defendant's Twenty-Third Affirmative Defense

Plaintiffs' opt-in form is deficient and does not meet the requirements for an opt-in form.

Defendants also reserves the right to pursue any counterclaims against any or both Plaintiffs.

### XXIV. As and for Defendants' Twenty-Fourth Affirmative Defense

Plaintiffs breached their fiduciary duties to Defendants and further were faithless servants during their employment.

WHEREFORE, Defendants pray:

1. That the Complaint be dismissed with prejudice with judgment entered in Defendants' favor;

2. That the costs and attorneys' fees expended in defending this action be awarded; and

3. For such further relief which the Court deems just and proper.

## COUNTERCLAIMS

**I.    Parties**

1. Defendant-Counterclaim Plaintiff F F and A Restaurant Corp. (referred to as FF and A") is a corporation duly existing under the laws of the State of New York.

2. FF and A is a restaurant that sells delicious chicken and other foods to individuals who come to or order from their restaurant existing and operating at 69-01 Roosevelt Ave, Woodside, NY 11377.

3. FF and A brings these counterclaims for losses caused by Plaintiffs during the course of their employment in violation of the laws as described herein.

4. Defendants-Counterclaim Plaintiffs Luis Figueroa, Rosalba Arevalo, and Robert Cordova are each individuals who have worked for FF and A at various times during the course of events for which Plaintiffs claim injury.

5. Plaintiffs, in this action, claim that the individual Defendants employed them under the definitions contained in the NYLL and FLSA and to the extent that Plaintiffs succeed in establishing any such liability, the Individual Defendants also bring these Counterclaims against the Plaintiffs as payments which are to offset any amount Plaintiffs claim are owed.

6. Plaintiff-Counterclaim Defendant Wilson Barrera ("Barrera") and Plaintiff-Counterclaim Defendant Abner Joram Orrego ("Joram") were employed by Defendant FF and A to assist in managing the restaurant and other employees working in the restaurant.

**II.   Jurisdiction**

7. This Court has jurisdiction over these counterclaims pursuant to Rule 13(a) of the Federal Rules of Civil Procedure as they arise out of the same transactions or occurrences as those of which the Plaintiffs complain and because there is no need to add any additional parties in order to litigate the claims.

8. Further, this Court has supplemental jurisdiction over these counterclaims under 28 U.S.C. § 1367.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### III.  Factual Allegations

10. FF and A would close between approximately 2:30 am and 4:00 am each night of the week.

11. Plaintiffs Barrera and Joram would stop work around the time of closing each night and stay at FF and A, inviting others to come to the restaurant to eat and drink with them.

12. Plaintiff Barrera had authority to direct the work of other employees, telling them when to start work and when to go home. Plaintiff Barrera was, for all intents and purposes, a manager within FF and A.

13. Plaintiffs Barrera and Joram would do this most nights that they worked, often staying until the early morning becoming intoxicated.

14. The alcohol that Plaintiffs Barrera and Joram would drink during this time was often taken from FF and A's bar and Plaintiffs Barrera and Joram would not pay for this alcohol.

15. Plaintiffs Barrera and Joram did not only steal the alcohol for their consumption, but would offer it to their friends and employees of FF and A whom they were supposed to be managing who drank at the restaurant with them.

16. Defendants did not at any time consent or knowingly permit Plaintiffs Barrera and Joram to steal this alcohol from FF and A.

17. Plaintiffs Barrera and Joram would frequently take food from the restaurant, even having employees prepare it, and then consume it personally without paying FF and A for the food.

18. Plaintiffs Barrera and Joram did not only steal the food for their consumption, but would offer it to their friends who came to the restaurant with them.

19. Defendants did not at any time consent or knowingly permit Plaintiffs Barrera and Joram to steal this food from FF and A.

20. Defendants only became aware of this situation during the investigation into the claims brought by Plaintiffs.

21. Defendants further have become aware that Plaintiffs would at times cover their theft and, upon information and belief, take payment from customers and then cancel the order in FF and A's systems.

22. This resulted in the FF and A systems believing that all items had been paid for while Plaintiffs had actually taken the money out of the system.

23. Defendants have also become aware that Plaintiffs were at times committing credit card fraud, charging significant amounts to credit cards which were later disputed as the tips had been fraudulently added in amounts not permitted by the customer.

24. Upon information and belief, Plaintiffs absconded with this money and Defendants were only made aware upon receipt of the credit card disputes.

25. As a result of these illegal acts, Defendants have been damaged in an amount which is not calculable at this time.

### Claim I – Faithless Servant Doctrine

26. At all relevant times, Plaintiffs-Counterclaim Defendants acted to intentionally steal and misappropriate alcohol, food, and money from Defendants-Counterclaim Plaintiffs.

27. Plaintiffs-Counterclaim Defendants additionally committed credit card fraud using Defendants-Counterclaim Plaintiffs' systems.

28. Plaintiffs-Counterclaim Defendants breached their duties of loyalty, fiduciary duties, and others by committing the acts described herein.

29. These actions caused Defendants-Counterclaim Plaintiffs to lose significant sums of money and resources.

WHEREFORE, Defendants-Counterclaim Plaintiffs respectfully request judgment against Plaintiffs-Counterclaim Defendants as follows:

a. Dismissing the Complaint and all claims and causes of action therein with prejudice;

b. For an award of compensatory damages to be proven at trial but in excess of $100,000.00;

c. Pre- and post-judgment interest, punitive damages and costs, including attorneys' fees;

d. For an order mandating that Plaintiffs-Counterclaim Defendants disgorge and pay restitution to Defendants-Counterclaim Plaintiffs equal to the value of all compensation paid to them during the period of their disloyalty to Defendants-Counterclaim Plaintiffs; and,

e. For any such other relief as the Court may deem just and proper.

Dated: May 12, 2021

                                                            The Rose Law Group, PLLC

                                                            _____/s/Jesse C. Rose_____
                                                            Jesse C. Rose
                                                           3272 Steinway Street
                                                           Suite 503
                                                           Astoria, New York 11103
                                                           Tel: 718-989-1864
                                                           Fax: 917-831-4595
                                                          Email: JRose@theroselawgroup.com